**Ilir Ramzan KIKA, Petitioner,**

v.

**ATTORNEY GENERAL OF THE UNITED STATES, Respondent.**

No. 04–2091.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Feb. 15, 2005.

Decided Feb. 23, 2005.

Stephen J. Britt, Donnelly & Associates, Conshohocken, PA, for Petitioner.

Christopher C. Fuller, Thankful T. Vanderstar, Russell J.E. Verby, Barry J. Pettinato, United States Department of Justice Office of Immigration Litigation, Washington, DC, for Respondent.

Before SLOVITER, AMBRO and ALDISERT, Circuit Judges.

OPINION

AMBRO, Circuit Judge.

Ilir Ramazan Kika petitions for review of the denial by the Board of Immigration Appeals ("BIA") of his motion to reopen. We deny the petition.

## I. Factual and Procedural History

Kika, a native and citizen of Albania, arrived in the United States in 1997. He applied for asylum, claiming that he was shot at by an unknown assailant due to his former membership in the drug enforcement unit of the Albanian Secret Police and that the Albanian government could not or would not take steps to protect him. Kika also claimed that he feared he would be subject to further attacks by former prisoners whom he had arrested (and who had since escaped from jail) if he returned to Albania and that the Albanian govern-

ment would still be unable or unwilling to protect him. After a hearing, the IJ denied Kika's claims for asylum and withholding of removal on the ground that any persecution Kika had suffered in the past—or feared in the future—occurred as a result of his service with the Albanian police and a desire by the criminals for vengeance, not on account of a protected characteristic under U.S. asylum laws. The IJ subsequently denied Kika's motion for reconsideration. The BIA dismissed his appeal, and our Court denied his petition for review. *See Kika v. Ashcroft,* 43 Fed.Appx. 522 (3d Cir.2002).

More than two years later, Kika filed a motion to open with the BIA based on ineffective assistance of counsel and changed country conditions. He claimed that: (1) his counsel before the IJ was ineffective because she failed to object to translation errors that occurred during the hearing; and (2) country conditions had changed with the election of a Socialist government led by Prime Minister Fatos Nano, who had links to a criminal whom Kika was responsible for arresting. The BIA denied Kika's motion. Although the BIA acknowledged that there had been some confusion by the interpreter at Kika's hearing before the IJ, it concluded that the accuracy of the translation did "not appear compromised" and that Kika had not shown that he was prejudiced by his former counsel's failure to object to the alleged translation errors. The BIA also concluded that, even accepting the statements of the expert witness whom Kika proffered in support of his motion, there was still insufficient evidence in the record to support a conclusion that Kika would be persecuted on account of a protected ground and not merely "because of his status as a former member of the secret police who arrested and imprisoned dan-gerous criminals." Kika's petition for review of the BIA's denial of his motion to reopen is now before us.[1]

## II. Analysis

■ We review the BIA's denial of a motion to reopen for abuse of discretion, "mindful of the 'broad' deference that the Supreme Court would have us afford." *Lu v. Ashcroft,* 259 F.3d 127, 131 (3d Cir.2001) (citing *INS v. Abudu,* 485 U.S. 94, 110, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988)). Kika argues that the BIA abused its discretion here in two ways. First, he contends that the BIA's conclusion that he was not prejudiced by his former counsel's failure to object to the interpreter is not supported by the record because the failure to object deprived the IJ of Kika's testimony. Second, Kika asserts that the BIA's reliance on *Matter of Fuentes,* 1988 WL 235456, 19 I. & N. Dec. 658 (BIA 1988), in rejecting his argument regarding changed country conditions was contrary to the BIA's own precedent.

"[A] claim of ineffective assistance of counsel, if properly established, [can] constitute proper grounds for reopening an exclusion proceeding." *Lu,* 259 F.3d at 132. In order to show that the alleged ineffective assistance of his former counsel amounted to a due process violation, as is required for such a claim to succeed in immigration cases, Kika must show that he was "prevented from reasonably presenting his case." *Uspango v. Ashcroft,* 289 F.3d 226, 231 (3d Cir.2002) (internal quotation omitted). As the BIA noted, it is clear from the transcript of the hearing before the IJ that there was some confusion regarding the translation of Kika's testimony. It is also clear from the record, however, that the IJ found Kika's testimony credible and understood the na-

---

1. We have jurisdiction pursuant to 8 U.S.C. § 1252(a).

ture of his claims. The IJ recognized that Kika was a former member of the Albanian secret police and gave reasoned oral and written decisions analyzing the threats that Kika faced in Albania.

Although Kika has made generic allegations of translation errors, he does not point to any specifics from which we may conclude that he was denied a reasonable opportunity to present his case. Accordingly, the BIA did not abuse its discretion in denying Kika's motion to reopen on the ground that he was prejudiced by the alleged ineffectiveness of his counsel.

We move to Kika's second argument—that the BIA's reliance on *Matter of Fuentes* in denying his motion to reopen was contrary to the BIA's own precedent. In *Matter of Fuentes*, the BIA held, *inter alia*, that former membership in a national police force is an immutable characteristic and that "[i]t is possible that mistreatment occurring because of such a status in appropriate circumstances could be found to be persecution on account of political opinion or membership in a particular social group." 19 I. & N. Dec. at 662 (holding that the alien in that case had not established such circumstances). Kika argues that the BIA should not have applied *Matter of Fuentes* to his case because he feared persecution on account of membership in a particular social group, which he identifies as "certain former Albanian secret police" and because his expert witness presented evidence that a criminal Kika had prosecuted had close ties to the new Socialist government in Albania and "could kill Kika with impunity."

There is, however, still no evidence in the record to support the conclusion that former members of the secret police are, as a group, targeted for mistreatment in Albania, nor is there evidence that any threat Kika may face from freed criminals

he once prosecuted (including the former criminal who has close ties to Prime Minister Nano) is due to an anti-Socialist political opinion they may impute to him rather than a general desire for vengeance. Under *Matter of Fuentes*, an alien's status as a former police officer, without more, is insufficient to render the alien eligible for asylum. While there may be a void in our laws for cases of retribution based solely on status as a former police officer (which may be lacking in this case in any event), that is an issue for Congress and not a court. In this context, the BIA did not abuse its discretion in relying on that case and concluding that Kika had, in his motion to reopen, still not shown that the persecution he feared was on account of a protected ground.

### III.  Conclusion

In this context, we deny Kika's petition for review.